FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 JUL -8 PM 2: 07

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SIERRA GOLDEN, on behalf of
herself and those similarly situated

      Plaintiff,

CASE NO.: 6: 15cv·1105-0rl-40Kr25

v.

EMIE MARKETING, INC.
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SIERRA GOLDEN ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, EMIE MARKETING, INC., a Florida Profit Corporation ("Defendant") and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of herself and other similarly situated current and former "inside salespeople" employed by Defendant who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) entitled to unpaid wages from Defendant for minimum wages that they did not receive, as required by law; (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iv) declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to attorneys' fees and costs.

## JURISDICTION

2.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5.    Venue is proper in this Court because Plaintiff resides within the District, Defendant maintains business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

6.    At all times material hereto, Plaintiff was, and continues to be a resident of Orange County, Florida.

7.    At all times material hereto Defendant was a Florida Profit Corporation. Further, at all times material hereto, Defendant was engaged in business in Florida, with a principle place of business in Orange County, Florida.

8.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

## COVERAGE

9.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

10.    At all times material hereto, Defendant was the "employer" within the

meaning of FLSA.

11.    At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of its regular communications with persons throughout the United States via telephone and internet.

12.    At all times material hereto, Defendant was and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13.    Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14.    At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, computers, telephones, and office supplies.

15.    At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that she regularly communicated with Defendant's customers outside the State of Florida, as part of her duties.

16.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17.    In or about February 2015, Defendant hired Plaintiff to work as a non-exempt "Account Executive."

18.    Despite the fact that Plaintiff worked exclusively for Defendant, at Defendant's facility, for Defendant's customers, and with Defendant's equipment and supplies, Defendant illegally misclassified Plaintiff as an "independent contractor."

3

19.    In this regard, Defendant purported to pay Plaintiff on a piece rate basis, and provided no other compensation to Plaintiff.

20.    At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

21.    Throughout Plaintiff's entire employment, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

22.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

23.    Additionally, Plaintiff worked multiple weeks for Defendant where she earned less than the applicable federal minimum wage for all hours worked.

24.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL,  to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25.    Plaintiff realleges and reavers paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    From at least February 2015, and continuing through her termination, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times her regular rate of pay.

27.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours.

28.   At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

29.   Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

30.   Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31.   Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32.   Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

33.   At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half her regular rate of pay for their overtime hours.

## COUNT II
## RECOVERY OF MINIMUM WAGES OWED

34.   Plaintiff realleges and reavers paragraphs 1 through 24 of the Complaint as if fully set forth herein.

35.   From at least February 2015, and continuing through her termination,

Plaintiff worked numerous hours for Defendant for which Plaintiff was not compensated at the applicable minimum wage.

36.   Plaintiff was, and is entitled to be paid at the applicable minimum wage for all hours worked in excess of forty (40) hours.

37.   At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

38.   Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the applicable minimum wage for all hours worked when it knew, or should have known, such was, and is due.

39.   Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

40.   Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for hours worked without payment of minimum wage, plus liquidated damages.

41.   Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

42.   At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for sub minimum wage pay for all hours worked.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25<u>th</u> day of June 2015.

Respectfully submitted,

Richard Celler
Celler Legal Group
7450 Griffin Road, Suite 230
Davie, Florida 33324
Phone: 866-344-9243 X 104
Fax: 954-337-2771
Email: Richard@floridaovertimelawyer.com

**Trial Counsel for Plaintiff**