# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SIERRA GOLDEN, MICHELOVE
NONCENT and LESLEY RIVERA,**

           **Plaintiffs,**

**v.**                                                    **Case No:   6:15-cv-1105-Orl-40KRS**

**EMIE MARKETING, INC.,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED . . . VERIFIED MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 38)** |
| **FILED:** | **February 8, 2016** |

## I.    CASE BACKGROUND.

      Plaintiff Sierra Golden initiated this case by filing a complaint against Defendant Emie Marketing, Inc.   Doc. No. 1.   Plaintiff asserted that Defendant misclassified her as an independent contractor, and, as a result, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay her minimum wage and overtime compensation.   The complaint indicated that Plaintiff intended to pursue her claims on behalf of herself and other similarly situated.   Doc. No. 1, at 1.   Michelove Noncent and Lesley Rivera subsequently consented to opt into the action. Doc. Nos. 24, 27.   Counsel for Plaintiffs voluntarily dismissed the complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) on December 29, 2016.   Doc. No. 31.

Defendant filed a motion for attorney's fees on January 20, 2016, contending that the Plaintiffs pursued the claims in bad faith.  Doc. No. 34.  The Court denied that motion without prejudice because, among other reasons, Defendant did not provide citations to the record or otherwise support its factual contentions with an affidavit or declaration under penalty of perjury. Doc. No. 37.  Plaintiff filed the instant verified motion on February 8, 2016.  Doc. No. 38 (the "Verified Motion").  In support of the Verified Motion, Defendants' counsel submitted affidavits setting forth the attorney time and costs expended in this case.  Doc. Nos. 39, 40.  Plaintiff responded to the Verified Motion on February 23, 2016.  Doc. No. 41.  The Verified Motion has been referred to me for a Report and Recommendation, and it is now ripe for review.

## II.     LEGAL STANDARD.

"The 'American Rule' provides that, unless there exists statutory or contractual provisions to the contrary, litigants must pay their own attorney's fees."  *Lewis v. Fed. Prison Indus.*, 953 F.2d 1277, 1281 (11th Cir. 1992).  The Supreme Court of the United States, however, has recognized that courts may award attorney's fees pursuant to its inherent powers in three situations.  First, under the "common fund exception," courts may "award attorney's fees to a party whose litigation efforts directly benefit others."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  "Second, a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'"  *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)).  Third, under what has been termed the "bad faith exception," "a court may assess attorney's fees when a party has 'acted in bad faith vexatiously, wantonly, or for oppressive reasons.'"  *Id.* at 45–46 (quoting *Alyeska*, 421 U.S. at 258–59) (internal quotation marks omitted).  "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'"  *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) ("*Byrne*") (quoting *Chambers*, 501 U.S. at 50).

The "bad faith exception" to the American Rule is punitive; its purpose is to "vindicate[] the District Court's authority over a recalcitrant litigant." *Chambers*, 501 U.S. at 53 (quoting *Hutto v. Finney*, 437 U.S. 678, 691 (1978)) (internal quotation marks omitted). The U.S. Court of Appeals for the Eleventh Circuit has noted that "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "Unless the evidence on the issue of bad faith is uncontroverted, a district court should examine a party's conduct and make findings on that issue." *Byrne*, 261 F.3d at 1123. "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Barnes*, 158 F.3d at 1214 (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)) (internal quotation mark omitted). For purposes of determining whether a party has acted in bad faith, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984) (quoting Michael D. Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts*, 69 CORNELL L. REV. 207, 280 (1984)) (internal quotation marks omitted).

## III.     ANALYSIS.

Defendant acknowledges that the FLSA does not provide for award of attorneys' fees to a defendant, and Defendant does not contend that it is a prevailing party in this case. Doc. No. 38, at 8. Instead, Defendant contends that this Court should award it attorney's fees and costs it incurred in litigating this case because Plaintiff "acted in bad faith, vexatiously, wantonly or for oppressive reasons in bringing this action[,]" and "continued to litigate this case vexatiously." *Id.* at 6, 8.

Defendant's entire argument in support of its request for an award of fees and costs is that it would have prevailed on the merits of the case because, it asserts, Plaintiff Golden was an outside sales associate who was exempt under the FLSA.   While Defendant's chief executive officer avers that Plaintiff Golden was an outside sales associate, his averment is not supported by any documents or other independent evidence that Defendant properly categorized Plaintiff Golden as an outside sales associate or otherwise exempt worker.   Moreover, as noted above, in addressing the "bad faith exception," "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case."   *Rothenberg*, 736 F.2d at 1472 (quoting Green, *supra*, at 280) (internal quotation marks omitted).   Significantly, the motion is also not supported by facts showing instances in which Plaintiffs or their counsel acted in bad faith.[1]   The Eleventh Circuit has explained that a finding of bad faith must be supported by specific findings as to the factual details of the party's conduct that warrants sanctions.   *Byrne*, 261 F.3d at 1123.

For these reasons, I recommend that the Court find that the evidence is insufficient for the Court to make the type of detailed factual findings that are required to award attorney's fees under the "bad faith exception."

In the alternative, should the Court find that an award of attorney's fees and costs is warranted, the evidence is insufficient to assess those fees and costs.   In his amended affidavit, counsel for Defendant avers that he expended 33.10 hours in this litigation at a rate of $350.00 per hour.   Doc. No. 39, at 2.   There is no evidence that $350.00 is a reasonable hourly rate for counsel's

---

[1] Counsel for Defendant asserts that Plaintiff "made [a] written demand for $100,000.00 for her not bringing a lawsuit against Defendant under federal law and a[n] expensive class action."   Doc. No. 38 ¶ 12. Defendant contends that such a demand was extortive.   *Id.* ¶19.   There is insufficient evidence for the Court to make that finding.   While $100,000.00 might be an unreasonable settlement demand for Plaintiff's individual FLSA claims, there is no evidence that this demand would be unreasonable for settlement of this case on a collective-action basis.   There is no evidence that Plaintiff or counsel had improper motives in making the settlement demand.

work in a case of this type.  *Norman v. Hous. Auth.*, 836 F.2d 1292, 1304 (11th Cir. 1988).  The description of tasks performed as reflected in the timesheet are sometimes insufficient to determine that the work was reasonably performed or compensable.[2]  Doc. No. 38-1.  Finally, Defendant seeks reimbursement for $189.00 in copying costs and $45.00 in telephone costs, but there is no evidence why there costs were reasonably incurred.  Doc. No. 40.

For all of these reasons, I recommend that the motion be denied.

## IV.    RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that Defendant's Renewed . . . Verified Motion for Attorney Fees and Costs (Doc. No. 38) be **DENIED**.  Because Defendant has already been unsuccessful on two occasions in establishing that it is entitled to attorney's fees, I **RECOMMEND** that Defendant not be permitted a third opportunity to seek attorney's fees in this case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 14, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2]  For example, the time sheet includes work performed communicating with "B. Schneer," but there is no evidence how "B. Schneer" is involved in this case.  The timesheet also includes time for communicating with "Mr. Dongo," whose role in the case is also not identified.  Doc. No. 38-1.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy